UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| GRANDVILLE DEWAYNE WILLIAMS | CIVIL ACTION NO. 23-0611-P |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CADDO CORRECTIONAL CENTER, ET AL. | MAGISTTATE JUDGE MCCLUSKY |

**MEMORANDUM ORDER**

Before the Court is an "Objection of Rule to Dismiss Plaintiff Claims" filed by Plaintiff Grandville Dewayne Williams ("Williams"). See Record Document 38. Williams appears to be seeking relief from the Judgment (Record Document 37) entered by the Court on November 14, 2023.[1] In the Judgment, the Court dismissed without prejudice Williams's excessive force claim against E.R.T. Riley for failure to exhaust administrative remedies. See id. Williams's remaining claims were dismissed without prejudice as untimely, frivolous, and for failing to state claims on which relief may be granted. See id.

The Court construes the instant objection as a Rule 60(b) motion. Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1)     mistake, inadvertence, surprise, or excusable neglect;
>
> (2)     newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3)     fraud (whether previously called intrinsic or extrinsic),

---

[1] The Judgment adopted the October 26, 2023 Report and Recommendation of Magistrate Judge Hornsby. See Record Document 34. Williams had filed objections to the Report and Recommendation. See Record Document 36.

    misrepresentation, or misconduct by an opposing party;

(4)  the judgment is void;

(5)  the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6)  any other reason that justifies relief.

F.R.C.P. 60(b).  Williams has not demonstrated that subsections (1)-(5) are applicable. While subsection (6) authorizes a district court to relieve a party from a final judgment for "any other reason that justifies relief," such rule "is only invoked in extraordinary circumstances."  <u>Hernandez v. Thaler</u>, 630 F.3d 420, 429 (5th Cir. 2011).  Williams has not pointed to any extraordinary circumstance warranting relief under Rule 60(b)(6). Accordingly,

  **IT IS ORDERED** that Williams's "Objection of Rule to Dismiss Plaintiff Claims" (Record Document 38), which this Court has construed as a Rule 60(b) motion, be and is hereby **DENIED**.

  **THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 14th day of December, 2023.

                             _____
                             United States District Judge